IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

HARLAND DAVID CHILDERS                                                    PLAINTIFF

v.                          Civil No. 2:21-CV-02047

JAIL ADMINISTRATOR JIMMY DORNEY                                DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable P. K. Holmes, III, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I.     BACKGROUND

Plaintiff, Harland David Childers ("Childers") filed his Complaint on March 2, 2021. (ECF No. 1). That same day, the Court ordered Childers to file a completed *in forma pauperis* ("IFP") application or pay the filing fee by March 23, 2021. (ECF No. 3). Childers filed a partially completed IFP application on March 11, 2021, and the remaining portion of the application was filed on March 19, 2021. (ECF No. 6). He was granted IFP status on March 19, 2021. (ECF No. 7). His Amended Complaint was filed on March 22, 2021. (ECF No. 9).

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

Childers' claim centers on his housing assignment while incarcerated in the Franklin County Jail ("FCJ"). (ECF No. 9 at 3-4). He alleges that from January 29, 2021, through February 16, 2021, he was housed in the same barracks as James McEntyre, the man who sexually assaulted his daughter in 2008. (*Id*. at 4). Childers alleges that McEntyre was in violation of a no-contact order prohibiting him from having contact with Childers. (*Id*. at 10). He claims this placement caused him to suffer post-traumatic stress disorder, anger, anxiety, and mental illness. (*Id*.). Childers alleges that he tried to speak to Defendant Dorney, the FCJ administrator, about the situation, but Dorney would not talk to him. (*Id*. at 11). He then wrote a grievance on February 12, 2021, but he was not separated from McEntyre until February 16, 2021. (*Id*.). He alleges the FCJ staff did not care how much stress and torture it caused him to refrain from hurting McEntyre. (*Id*.).

Childers proceeds against Defendant Dorney in both his official and individual capacity. (*Id*. at 4). He seeks compensatory damages. (*Id*. at 7).

## II.      LEGAL STANDARD

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief

may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

Childers fails to state a plausible constitutional claim. An inmate has no constitutional right to be housed in a certain barrack or housing unit, or with certain inmates. *Cf. Meachum v. Fano*, 427 U.S. 215, 225 (1976) (Due Process Clause does not foreclose State's right to assign or transfer inmate to any state prison); *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (no right under Due Process Clause to be housed in a certain barrack or housing unit, or with certain inmates). In addition, prisoners generally have no constitutionally protected liberty interest in their placement and classification while incarcerated. *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976).

To the extent Childers' claim could be interpreted as one for a failure to protect, he fails to allege sufficient facts to state a claim. Prison officials have a duty, under the Eighth Amendment, to protect prisoners from violence at the hands of other prisoners. *See Perkins v. Grimes*, 161 F.3d 1127, 1129 (8th Cir. 1998). However, not "every injury suffered by one prisoner at the hands of

another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

To prevail on a failure to protect claim, Childers must satisfy a two-prong test: (1) show he was "incarcerated under conditions posing a substantial risk of serious harm," and (2) show that prison officials were "deliberately indifferent [to his] health or safety." *See Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir. 2011) (internal citations omitted). The first prong is an objective requirement to ensure that the deprivation is a violation of a constitutional right. *Id*. The second prong, however, is subjective and requires a showing that the official "both knew of and disregarded 'an excessive risk to inmate health or safety.'" *Id*. (quoting *Farmers*, 511 U.S. at 837). "An official is deliberately indifferent if he or she actually knows of the substantial risk and fails to respond reasonably to it." *Young v. Selk,* 508 F.3d 868, 873 (8th Cir. 2007). Negligence alone is insufficient to meet the second prong; instead, the official must "recklessly disregard a known, excessive risk of serious harm to the inmate." *Davis v. Oregon County*, 607 F.3d 543, 549 (8th Cir. 2010) (internal quotation marks and citation omitted). Furthermore, "[c]laims under the Eighth Amendment require a compensable injury to be greater than *de minimis*." *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). Damages for mental or emotional harm are not available absent a prior showing of physical injury. *Royal v. Kautzky*, 375 F.3d 720, 722 (8th Cir. 2004) (citing 42 U.S.C. 1997e(e)).

Assuming, for the purposes of screening only, that Childers' allegations satisfy the first prong of the test, his claim still fails for two reasons. First, his claim does not satisfy the second prong of the test. He did not inform FCJ staff of the issue with McEntyre until February 12, 2021, and he was separated from McEntyre shortly thereafter on February 16, 2021. Second, he does

not allege that he suffered any physical injury, *de minimis* or otherwise. Instead, he alleges only mental or emotional harm, which is not compensable in the absence of physical injury.

### IV. CONCLUSION

Accordingly, it is recommended that Childers' Amended Complaint (ECF No. 9) be **DISMISSED WITHOUT PREJUDICE**. The dismissal of this case constitutes a strike pursuant to 28 U.S.C. § 1915(g). It is, therefore, recommended that the Clerk be directed to place a § 1915 strike flag on the case.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of June 2021.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE